## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JESUS E. TACORONTE
   Plaintiff

v.

NATIONSTAR MORTGAGE, LLC
   Defendant

Case# 6:13-CV-1401-Or1-36TBS

### VERIFIED COMPLAINT

Plaintiff, Jesus E. Tacoronte, individually, hereby sues Defendant, NATIONSTAR

MORTGAGE, LLC, for violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C.

§ 1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT. §559(Part VI),

and the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC § 227(b)(1)(A)(iii) and

47 U.S.C. §227(b)(2)(5).

### PRELIMINARY STATEMENT

1.    This is an action for damages and injunctive relief brought by Plaintiff against Defendant

    for continued violations of the Fair Debt Collection Practices Act (FDCPA)15 U.S.C. §

    1692, the Florida Consumer Collection Practices Act (FCCPA), FLA. STAT.

    §559(Part VI) and the Telephone Consumer Protection Act (TCPA) Sec. 227., 47 USC

    § 227(b)(1)(A)(iii) and 47 U.S.C. §227(b)(2)(5).

2.    Upon belief and information, Plaintiff contends that many of these practices are

    widespread by the Defendant.  Plaintiff intends to propound discovery to Defendant

    identifying these other individuals who have suffered similar violations.

1

3.    Plaintiff contends that the Defendant has violated such laws by knowingly, willfully and repeatedly harassing Plaintiff in attempts to collect alleged debt after being sued and settling three times for the very same violations during the past 18 months.

4.    Defendant is fully aware that the Plaintiff has not given them prior express or implied consent to call Plaintiffs cell phone and that the Plaintiff is and has been fully represented by Mr. Tanner Andrews, P.A. since the inception of his case #21010-CA-10483-O.

5.    Even after the Defendant's attorneys were made aware that Nationstar has been contacting Mr. Tacoronte directly, the Defendant has not stopped calling or mailing demands for payment; it has accelerated its campaign of contacting the Plaintiff directly and contrary to the spirit of the Statutes set out in paragraph 1 above.

6.    Plaintiff contends that the Defendant has acted voluntarily, intentionally and under its own free will and knew or should have known that Defendant was engaged in acts that constitute violations of several statutes.

## JURISDICTION AND VENUE

7.    Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

8.    Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

9.    This is an action for damages which exceed $5,000.00.

**PARTIES**

10.   Plaintiff, Jesus E. Tacoronte, (Tacoronte) is a natural person and is a resident of the State
      of Florida.

11.   Upon information and belief Nationstar Mortgage, LLC (Nations) is a foreign
      corporation, authorized to do business in Florida with a registered agent in Florida who
      is Corporation Service Company, 1201 Hays St., Tallahassee, FL 32301 but not
      registered as a debt collector as required with the Florida Office of Financial
      Regulations.

**FACTUAL ALLEGATIONS**

12.   This is the fourth lawsuit against the Defendant for the repeated same type of violations
      of the Statutes listed in paragraph 1 above.

13.   Defendant has a past and ongoing campaign of willfully and knowingly violating the
      federal and state law, and seems intent on violating the Plaintiffs rights repeatedly.

14.   Going back to November 2010 Nationstar has repeatedly harassed and called Plaintiffs
      cell phone all the while knowing the Plaintiff was represented by council, and has
      spoken to Plaintiffs council on several occasions as recent as March 2013.

15.   On November 2012 case #2012-SC-001728 SP and case # 2012-SC-001532 SP in
      January 2013, Plaintiff was granted judgments against Defendant for violations of the
      Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act for
      going around council.

16.   On July 18, 2013 at 2:39 pm the Defendant called from 877-698-9400 to Plaintiffs cell
      phone without consentor permission and going around council leaving no message.

17.     On July 19, 2013 at 12:37 pm the Defendant called the Plaintiffs cell phone 866-316-
        2432 without consentor permission while going around council and Plaintiff
        immediately told the Defendant that this was his cell phone and asked that they not call
        his cell phone.

18.     On July 19, 2013 at 12:39 pm two minutes later,  the Defendant again called the Plaintiffs
        cell phone but from 972-894-1051, a different number attempting to trick the Plaintiff
        into answering the call and the left an empty message.

19.     On July 22, 2013 at 12:50 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone and again, the Plaintiff explained this was a cell phone and to please stop calling
        it.

20.     On July 22, 2013 at 5:01 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

21.     On July 22, 2013 at 5:25 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

22.     On July 23, 2013 at 4:31 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

23.     On July 25, 2013 at 6:35 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

24.     On July 26, 2013 at 3:09 pm the Defendant called the Plaintiff while the Plaintiff was
        sitting in Plaintiffs council's office. Plaintiff again explained that this was his cell
        phone and to not call it again.

25.     The Defendants representative Scott when advised that it was a cell phone and told to not call responded with, "This is not a solicitation".

26.     On July 30, 2013 at 4:03 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

27.     On August 1, 2013 at 4:41 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

28.     On August 1, 2013 at 4:54 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

29.     On August 2, 2013 at 12:01 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

30.     On August 1, 2013 at 12:25 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

31.     On August 2, 2013 at 5:04 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

32.     On August 2, 2013 at 5:22 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

33.     On August 5, 2013 at 1:36 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

34.     On August 6, 2013 at 1:21 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

35.  On August 6, 2013 at 6:24pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

36.  On or about August 6, 2013 Plaintiffs council sent the Defendants council an email attempting to amicably settle the matters at hand and the Defendant failed to respond. See **Exhibit "A"**

37.  On August 7, 2013 at 1:17 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

38.  On August 7, 2013 at 6:06 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

39.  On August 13, 2013 at 4:26 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

40.  On August 14, 2013 at 7:04 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

41.  On August 15, 2013 at 10:30 am the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

42.  On August 16, 2013 at 10:29 am the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

43.  On August 20, 2013 at 12:51 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

44. On August 20, 2013 at 3:54 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

45. On August 20, 2013 at 8:18 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

46. On August 22, 2013 at 8:24 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

47. On August 23, 2013 at 5:27 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

48. On August 23, 2013 at 6:38 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

49. On August 24, 2013 at 3:10 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

50. On August 25, 2013 at 2:49 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

51. On August 25, 2013 at 5:21 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

52. On August 26, 2013 at 6:32 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

53. On August 27, 2013 at 7:00 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

54.     On August 28, 2013 at 1:11 pm the Defendant called from 866-397-3641 to Plaintiffs cell
        phone without consent and going around council leaving no message.

55.     On August 28, 2013 at 6:37 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

56.     On August 28, 2013 at 7:13 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

57.     On or about August 28, 2013 Plaintiffs council again sent the Defendants council a
        second email informing them that the calls continue and again attempting to settle
        amicably and again the Defendant failed to respond.  **See Exhibit "B"**

58.     On August 29, 2013 at 1:35 pm the Defendant called from 888-850-9398 to Plaintiffs cell
        phone without consent and going around council leaving no message.

59.     On August 29, 2013 at 6:29 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

60.     On August 30, 2013 at 6:37 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

61.     On August 30, 2013 at 7:18 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

62.     On August 30, 2013 at 8:50 pm the Defendant called from 866-316-2432 to Plaintiffs cell
        phone without consent and going around council leaving no message.

63.    On September 1, 2013 at 4:44 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

64.    On September 1, 2013 at 5:41 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

65.    On September 3, 2013 at 7:17 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

66.    On September 4, 2013 at 7:09 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

67.    On September 5, 2013 at 7:01 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

68.    On September 6, 2013 at 10:58 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

69.    On September 7, 2013 at 3:54 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

70.    On September 7, 2013 at 4:17 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

71.    On September 8, 2013 at 5:14 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

72.    On September 8, 2013 at 5:28 pm the Defendant called from 866-316-2432 to Plaintiffs
       cell phone without consent and going around council leaving no message.

73.   On September 9, 2013 at 6:34 pm the Defendant called from 866-316-2432 to Plaintiffs cell phone without consent and going around council leaving no message.

74.   Between August 6,2013 and the present while being fully made  aware that the Plaintiff was represented by council, the Defendant willfully and knowingly called the Plaintiffs cell phone no less than thirty times and continues mailing demands for payment.

75.   Between July 19, 2013 at 12:37 pm thru September 6, 2013 the Defendant has willfully and knowingly called the Plaintiff no less 57 times without consent after being told that they were calling a cell phone and told to not call the Plaintiff.

76.   Either the Defendant has no training for their representative or Defendants have instructed representative to knowingly and willfully violate the law.

77.   The calls set forth above are so numerous and made with such frequency that they can have no other effect than to harass the persons called, in violation of Fla. Stat. § 559.72(7), the TCPA, and the FDCPA.

78.   The hang-up calls have no legitimate purpose whatever.

79.   From on or about March 19, 2013, thru September 1, 2013 the Defendant has mailed the Plaintiff no less than eight separate and distinct demands for payment while knowing the Plaintiff is represented by council. See **(Exhibit 'C-I')**

80.   The communications in question here are all related to the collection of a consumer debt.

81.   The acts alleged herein all took place in Osceola County in that the communication was received there.

10

82.     Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.
        §227(b)(1)(A) by using an automatic telephone dialing system which has the capacity
        to dial phone numbers without human intervention to call Plaintiff's cell phone no less
        than 57 times.

83.     Plaintiff has no prior or present established relationship with Defendant.

84.     Plaintiff has never given Defendant permission to call Plaintiffs cell phone.

85.     Defendant has already established that it has no permission to call Plaintiffs cell phone by
        settling a prior case, verbal requests from Plaintiff to stop calling and emails to
        Defendants council from Plaintiff council.

86.     Even if the Defendant could have possibly thought it had consent; consent was
        withdrawn on July 19, 2013 at 12:37 pm when the Plaintiff immediately told the
        Defendant that this was his cell and told them not to call it again.

**COUNT I**
**VIOLATIONS OF FAIR DEBT COLLECTION**
**PRACTICES ACT (FDCPA), 15 U.S.C. §1692,**
**BY DEFENDANT**

87.     Plaintiff realleges paragraphs 1 through 86.

88.     Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

89.     The debt in question was for personal, family or house hold purposes.

90.     Defendant is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) as
        debt collection is part of its ordinary business practice and Defendant regularly collects
        debts of behalf of others.

91.     The sending of the February 2013 thru August 2013 statements directly to Plaintiff
        demanding payment are distinct violations of 15 U.S.C. Section 1692c(a)(2).

92.     Defendant is as was fully aware that the Plaintiff is represented by council and all times
        hereto.

93.    15 U.S.C. Section 1692 c(a)(2) forbids communications with a consumer who is
       represented by an attorney.

94.    The sending of the statements directly to Plaintiff while fully aware that the Plaintiff has
       legal representation month after month represent the Defendants total disregard of 15
       U.S.C. Section 1692c(a)(2).

95.    Plaintiff contends that all communications should have been sent directly to council of
       record, Mr. Tanner Andrews.

**WHEREFORE**, Plaintiff demands judgment against Defendant for statutory damages of

$1000.00, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C §1692k.

**COUNT 2**
**VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES**
**ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT**

96.    Plaintiff realleges paragraphs 1 through 86.

97.    Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

98.    The debt in question was for personal, family or house hold purposes.

99.    Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt
       collection is part of its ordinary business practice and Defendant regularly collects
       debts of behalf of others.

100.   The sending of the February 2013 statements demanding payment is a distinct violation
       of FLA. STAT. §559.72 (18) which states in part;

       "Communicate with a debtor if the person knows that the debtor is represented by an attorney
       with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name
       and address, unless the debtor's attorney fails to respond within 30 days to a communication
       from the person, unless the debtor's attorney consents to a direct communication with the
       debtor, or unless the debtor initiates the communication.."

101.    The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has
         legal representation month after month represent separate and distinct violations of
         FLA. STAT. §559.72 (18).

102.    Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for each violation of
         the Florida Consumer Collection Practices Act per occurrence.

         **WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for

statutory damages of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).

## COUNT 3
## VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT

103.    Plaintiff realleges paragraphs 1 through 86.

104.    Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

105.    The debt in question was for personal, family or house hold purposes.

106.    Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

         collection is part of its ordinary business practice and Defendant regularly collects debts of

         behalf of others.

107.    The sending of the March 2013 statements demanding payment is a distinct violation of

         FLA. STAT. §559.72 (18) which states in part;

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with
respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,
unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless
the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the
communication.."

108.    The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has

         legal representation month after month represent separate and distinct violations of FLA.

         STAT. §559.72 (18).

109.    Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for violations of the

Florida Consumer Collection Practices Act per occurrence.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, for statutory

damages of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).


## COUNT 4
## VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA),
## FLA. STAT. §559(Part VI) BY DEFENDANT

110.    Plaintiff realleges paragraphs 1 through 86.

111.    Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

112.    The debt in question was for personal, family or house hold purposes.

113.    Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

collection is part of its ordinary business practice and Defendant regularly collects debts of

behalf of others.

114.    The sending of the April, 2013 statements demanding payment is a distinct violation of FLA.

STAT. §559.72 (18) which states in part;

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with
respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,
unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless
the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the
communication.."

115.    The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has

legal representation month after month represent separate and distinct violations of FLA.

STAT. §559.72 (18).

116.    Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for violations of the

Florida Consumer Collection Practices Act per occurrence.

14

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for statutory

damages of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).

**COUNT 5**
**VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA),**
**FLA. STAT. §559(Part VI) BY DEFENDANT**

117.    Plaintiff realleges paragraphs 1 through 86.

118.    Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

119.    The debt in question was for personal, family or house hold purposes.

120.    Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

        collection is part of its ordinary business practice and Defendant regularly collects debts of

        behalf of others.

121.    The sending of the May, 2013 statements demanding payment is a distinct violation of FLA.

        STAT. §559.72 (18) which states in part;

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with
respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,
unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless
the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the
communication.."

122.    The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has

        legal representation month after month represent separate and distinct violations of FLA.

        STAT. §559.72 (18).

123.    Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for violations of the

        Florida Consumer Collection Practices Act per occurrence.

    **WHEREFORE**, Plaintiff demands judgment for damages against Defendant, for statutory

damages of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).

## COUNT 6
## VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT

124.   Plaintiff realleges paragraphs 1 through 86.

125.   Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

126.   The debt in question was for personal, family or house hold purposes.

127.   Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

collection is part of its ordinary business practice and Defendant regularly collects debts of

behalf of others.

128.   The sending of the June, 2013 statements demanding payment is a distinct violation of FLA.

STAT. §559.72 (18) which states in part;

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.."

129.   The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has

legal representation month after month represent separate and distinct violations of FLA.

STAT. §559.72 (18).

130.   Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for violations of the

Florida Consumer Collection Practices Act per occurrence.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendant, for statutory

damages of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).

## COUNT 7
## VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT

131.   Plaintiff realleges paragraphs 1 through 86.

132.   Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

133.   The debt in question was for personal, family or house hold purposes.

134.   Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

       collection is part of its ordinary business practice and Defendant regularly collects debts of

       behalf of others.

135.   The sending of the July, 2013 statements demanding payment is a distinct violation of FLA.

       STAT. §559.72 (18) which states in part;

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.."

136.   The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has

       legal representation month after month represent separate and distinct violations of FLA.

       STAT. §559.72 (18).

137.   Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for violations of the

       Florida Consumer Collection Practices Act per occurrence.

   **WHEREFORE**, Plaintiff demands judgment for damages against Defendant, for statutory

damages of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).

## COUNT 8
## VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT

138.   Plaintiff realleges paragraphs 1 through 86.

139.   Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

140.   The debt in question was for personal, family or house hold purposes.

141.   Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

collection is part of its ordinary business practice and Defendant regularly collects debts of

behalf of others.

142.   The sending of the August, 2013 statements demanding payment is a distinct violation of

FLA. STAT. §559.72 (18) which states in part;

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.."

143.   The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has

legal representation month after month represent separate and distinct violations of FLA.

STAT. §559.72 (18).

144.   Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for violations of the

Florida Consumer Collection Practices Act per occurrence.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, for statutory damages

of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).

## COUNT 9
## VIOLATIONS OF FLORIDA CONSUMER COLLECTION PRACTICES ACT
## (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANT

145.    Plaintiff realleges paragraphs 1 through 86.

146.    Plaintiff is a consumer within the meaning of FLA. STAT. §559 (2).

147.    The debt in question was for personal, family or house hold purposes.

148.    Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

        collection is part of its ordinary business practice and Defendant regularly collects debts of

        behalf of others.

149.    The sending of the August, 2013 statements demanding payment is a distinct violation of

        FLA. STAT. §559.72 (18) which states in part;

"Communicate with a debtor if the person knows that the debtor is represented by an attorney with
respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address,
unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless
the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates
the communication.."

150.    The demands for payment sent directly to Plaintiff while fully aware that the Plaintiff has

        legal representation month after month represent separate and distinct violations of FLA.

        STAT. §559.72 (18).

151.    Fla. Stat. § 559.77(2) provides for statutory damages up to $1000.00 for violations of the

        Florida Consumer Collection Practices Act per occurrence.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendant, for statutory damages

of $1000.00, attorney's fees and costs, pursuant to Fla. Stat. Section 559.77(2).

## COUNTS 10 thru 67
## DEFENDANT'S VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)(A) (TCPA), FLORIDA
## CONSUMER COLLECTION PRACTICES ACT (FCCPA), AND THE FLA. STAT.
## §559(Part VI) BY DEFENDANT

152.    Plaintiff realleges paragraphs 1 through 86

153.    The call to Plaintiff's cell phone on July 19, 2013 thru September 10, 2013 constitutes

         distinct violations of FLA. STAT. §559.72 (18) and the 47 U.S.C. §227.

154.    Defendant's aforementioned conduct violated the TCPA 47 U.S.C. §227 and FLA.

         STAT. §559 and constitute 57 separate and distinct counts.

155.    The debt in question was for personal, family or house hold purposes.

156.    Defendant is a debt collector within the meaning of the FCCPA, §559.55(6) as debt

         collection is part of its ordinary business practice and Defendant regularly collects

         debts of behalf of others.

157.    The telephone being called is a cell phone whereas the Plaintiff is charged for calls.

158.    Defendant has demonstrated willful or knowing non-compliance with 47 U.S.C.

         §227(b)(1)(A) by using an automatic telephone dialing system which has the capacity

         to dial phone numbers without human intervention to call Plaintiff's cell phone no less

         than 57 times.

159.    Plaintiff has no prior established relationship with the Defendant.

160.    Plaintiff has never given Defendant either express or implied consent to call the Plaintiffs

         cell phone.

161.    Plaintiff is entitled to treble damages for knowing non-compliance and willful
        violations pursuant to 47 USC 227b(3).

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

1. Adjudging the Defendant has violated the TCPA and the FCCPA separately and
   distinctly by;

   (a) Calling the Plaintiffs cell phone 57 times without express or implied consent using
       an automatic telephone dialing system which has the capacity to dial phone
       numbers without human intervention.

   (b) Going around council 57 times violating the FCCPA on each call

   (c) Continued calls after being told to cease and desist communications with Plaintiff

   (d) Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227 in the amount of
       $1500.00 on each count, 10-67.

   (e) Awarding Plaintiff statutory damages pursuant to FLA. STAT. §559.72 in the
       amount of $1000.00 each count, 10-67.

   (f) Awarding Plaintiff attorneys fees and costs as incurred in this action.

   (g) Awarding Plaintiff actual damages, punitive damages, an injunction, and any
       further relief the Court deems proper.

**Verification by Plaintiff**

I, Jesus E. Tacoronte, have read the foregoing complaint and examined the appendices

referenced therein.  The facts stated in the complaint are true.  The appendices are true and fair

copies of the recited documents.

_____          September _10_ 2013
(Jesus E. Tacoronte)                                    (date signed)

State of Florida ,                              )

County of Orange                          )

Before me, the undersigned notary, on September 10 2013, personally appeared Jesus E.
Tacoronte, who produced his Florida Driver's License as ID, and who, being duly sworn, stated
under penalty of perjury that the facts alleged in the foregoing complaint and any appendices
thereto are true and correct.

(seal)

PALAK PATEL
Notary Public - State of Florida
My Comm. Expires Jul 17, 2014
Commission # EE 161
Bonded Through National Notary Assn.

_____
Notary signature

(d) Awarding Plaintiff statutory damages pursuant to 47 U.S.C. §227 in the amount of
$1500.00 per call.

(e) Awarding Plaintiff statutory damages pursuant to FLA. STAT. §559.72 in the
amount of $1000.00 per each phone call and per each separate violation.

(f) Awarding Plaintiff attorneys fees and costs as incurred in this action.

(g) Awarding Plaintiff actual damages, punitive damages, an injunction, and any
further relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted the 10th of September, 2013

Respectfully submitted,

By: _____

J. Marshall Gilmore, Esq.
FB# 840180
Counsel for Plaintiff
1936 Lee Road, Suite 100
Winter Park, FL 32789
Phone (407) 937-8675/ (321) 591-9922
Fax     (407) 599-3801
mgilmore@mgilmorelaw.com

21