**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JESUS E. TACORONTE,**
         **Plaintiff**

**v.**                                                    **Case No. 6:13-cv-01401-CEH-TBS**

**NATIONSTAR MORTGAGE, LLC,**
         **Defendant.**

_____/

**DEFENDANT, NATIONSTAR MORTGAGE, LLC'S**
**AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant, Nationstar Mortgage, LLC (**Nationstar**) files this Amended Answer, Defenses, and Affirmative Defenses to the Complaint filed by Plaintiff, Jesus E. Tacoronte (**Plaintiff**).  Nationstar denies all allegations not expressly admitted below and states:

**PRELIMINARY STATEMENT**

1.  Nationstar admits that the Complaint purports to state an action under the FDCPA FCCPA, and TCPA, but denies Plaintiff has been damaged, can state a claim, or is entitled to any relief.

2.  Nationstar denies the allegations in the first sentence of Paragraph 2 of the Complaint. Nationstar is without information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 2 of the Complaint.  Therefore, it is denied.

3.  Nationstar denies the allegations in Paragraph 3 of the Complaint.

4.  Nationstar denies the allegations in Paragraph 4 of the Complaint.

5.  Nationstar denies the allegations in Paragraph 5 of the Complaint.

6.  Nationstar denies the allegations in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7.  The allegations of Paragraph 7 are admitted for jurisdictional purposes only, but Nationstar denies Plaintiff is damaged, can state a claim, or is entitled to any relief.

8.  The allegations of Paragraph 8 are admitted for venue purposes only.

{27474939;1}

9.   Nationstar denies the allegations in Paragraph 9 of the Complaint.

## PARTIES

10.   Nationstar admits that Plaintiff is a natural person.  Nationstar is without information sufficient to form a belief about the truth of the allegations as to whether Plaintiff is a resident of the State of Florida.  Therefore, it is denied.

11. Admitted that Nationstar is a foreign corporation authorized to do business in Florida with a registered agent.  The remainder of the allegations in Paragraph 11 are denied.

## FACTUAL ALLEGATIONS

12.   Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

13. Nationstar denies the allegations in Paragraph 13 of the Complaint.

14. Nationstar denies the allegations in Paragraph 14 of the Complaint.

15.  Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

16. Nationstar denies the allegations in Paragraph 16 of the Complaint.

17.  Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

18. Nationstar denies the allegations in Paragraph 18 of the Complaint.

19.  Nationstar admits that the phone number referenced in Paragraph 19 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 19.

20.  Nationstar admits that the phone number referenced in Paragraph 20 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 20.

21.  Nationstar admits that the phone number referenced in Paragraph 21 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 21.

22. Nationstar admits that the phone number referenced in Paragraph 22 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 22.

23. Nationstar admits that the phone number referenced in Paragraph 23 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 23.

24. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

25. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

26. Nationstar admits that the phone number referenced in Paragraph 26 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 26.

27. Nationstar admits that the phone number referenced in Paragraph 27 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 27.

28. Nationstar admits that the phone number referenced in Paragraph 28 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 28.

29. Nationstar admits that the phone number referenced in Paragraph 29 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 29.

30. Nationstar admits that the phone number referenced in Paragraph 30 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 30.

31. Nationstar admits that the phone number referenced in Paragraph 31 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 31.

32. Nationstar admits that the phone number referenced in Paragraph 32 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 32.

33. Nationstar admits that the phone number referenced in Paragraph 33 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 33.

34. Nationstar admits that the phone number referenced in Paragraph 34 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 34.

35. Nationstar admits that the phone number referenced in Paragraph 35 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 35.

36. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

37. Nationstar admits that the phone number referenced in Paragraph 37 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 37.

38. Nationstar admits that the phone number referenced in Paragraph 38 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 38.

39. Nationstar admits that the phone number referenced in Paragraph 39 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 39.

40. Nationstar admits that the phone number referenced in Paragraph 40 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 40.

41. Nationstar admits that the phone number referenced in Paragraph 41 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 41.

42. Nationstar admits that the phone number referenced in Paragraph 42 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 42.

43. Nationstar admits that the phone number referenced in Paragraph 43 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 43.

44. Nationstar admits that the phone number referenced in Paragraph 44 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 44.

45. Nationstar admits that the phone number referenced in Paragraph 45 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 45.

46. Nationstar admits that the phone number referenced in Paragraph 46 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 46.

47. Nationstar admits that the phone number referenced in Paragraph 47 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 47.

48. Nationstar admits that the phone number referenced in Paragraph 48 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 48.

49. Nationstar admits that the phone number referenced in Paragraph 49 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 49.

50. Nationstar admits that the phone number referenced in Paragraph 50 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 50.

51. Nationstar admits that the phone number referenced in Paragraph 51 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 51.

52. Nationstar admits that the phone number referenced in Paragraph 52 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 52.

53. Nationstar admits that the phone number referenced in Paragraph 53 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 53.

54. Nationstar denies the allegations in Paragraph 54 of the Complaint.

55. Nationstar admits that the phone number referenced in Paragraph 55 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 55.

56. Nationstar admits that the phone number referenced in Paragraph 56 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 56.

57. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

58. Nationstar admits that the phone number referenced in Paragraph 58 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 58.

59. Nationstar admits that the phone number referenced in Paragraph 59 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 59.

60. Nationstar admits that the phone number referenced in Paragraph 60 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 60.

61. Nationstar admits that the phone number referenced in Paragraph 61 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 61.

62. Nationstar admits that the phone number referenced in Paragraph 62 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 62.

63. Nationstar admits that the phone number referenced in Paragraph 63 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 63.

64. Nationstar admits that the phone number referenced in Paragraph 64 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 64.

65. Nationstar admits that the phone number referenced in Paragraph 65 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 65.

66. Nationstar admits that the phone number referenced in Paragraph 66 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 66.

67. Nationstar admits that the phone number referenced in Paragraph 67 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 67.

68. Nationstar admits that the phone number referenced in Paragraph 68 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 68.

69. Nationstar admits that the phone number referenced in Paragraph 69 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 69.

70. Nationstar admits that the phone number referenced in Paragraph 70 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 70.

71. Nationstar admits that the phone number referenced in Paragraph 71 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 71.

72. Nationstar admits that the phone number referenced in Paragraph 72 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 72.

73. Nationstar admits that the phone number referenced in Paragraph 73 is a number belonging to Nationstar.  Denied as to the remainder of the allegations within Paragraph 73.

74. Nationstar denies the allegations in Paragraph 74 of the Complaint.

75. Nationstar denies the allegations in Paragraph 75 of the Complaint.

76. Nationstar denies the allegations in Paragraph 76 of the Complaint.

77. Nationstar denies the allegations in Paragraph 77 of the Complaint.

78. Nationstar denies the allegations in Paragraph 78 of the Complaint.

79. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

80. Nationstar admits that a debt is owed by Plaintiff.  Denied as to the remainder of the allegations herein.

81. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

82. Nationstar denies the allegations in Paragraph 82 of the Complaint.

83. Nationstar denies the allegations in Paragraph 83 of the Complaint.

84. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

85. Nationstar denies the allegations in Paragraph 85 of the Complaint.

86. Nationstar denies the allegations in Paragraph 86 of the Complaint.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. § 1692, BY DEFENDANT

87. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

88. Paragraph 88 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 88.

89. Nationstar denies the allegations in Paragraph 89 of the Complaint.

90. Paragraph 90 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 90.

91. Paragraph 91 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 91.

92. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

93. Paragraph 93 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 93.  Further, the statute speaks for itself.

94. Nationstar denies the allegations in Paragraph 94 of the Complaint.

95. Nationstar admits that the Plaintiff contends that all communications should have been sent directly to counsel of record, Mr. Tanner Andrews.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 95, specifically that Plaintiff is entitled to any form of relief from Nationstar.

## COUNT II: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT

96. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

97. Paragraph 97 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 97.

98. Nationstar denies the allegations in Paragraph 98 of the Complaint.

99. Paragraph 99 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 99.

100. Paragraph 100 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 100.  Further, the statute speaks for itself.

101. Paragraph 101 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 101.

102. Paragraph 102 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 102.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 102, specifically that Plaintiff is entitled to any form of relief from Nationstar.

## <u>COUNT III: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT</u>

103. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

104. Paragraph 104 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 104.

105. Nationstar denies the allegations in Paragraph 105 of the Complaint.

106. Paragraph 106 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 106.

107. Paragraph 107 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 107.  Further, the statute speaks for itself.

108. Nationstar denies the allegations in Paragraph 108 of the Complaint..

109. Paragraph 109 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 109. Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 109, specifically that Plaintiff is entitled to any form of relief from Nationstar.

### COUNT IV: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT

110. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

111. Paragraph 111 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 111.

112. Nationstar denies the allegations in Paragraph 112 of the Complaint.

113. Paragraph 113 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 113.

114. Paragraph 114 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 114.  Further, the statute speaks for itself.

115. Nationstar denies the allegations in Paragraph 115 of the Complaint.

116. Paragraph 116 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 116.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 116, specifically that Plaintiff is entitled to any form of relief from Nationstar.

**COUNT V: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT**

117. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

118. Paragraph 118 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 118.

119. Nationstar denies the allegations in Paragraph 119 of the Complaint.

120. Paragraph 120 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 120.

121. Paragraph 121 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 121.  Further, the statute speaks for itself.

122. Nationstar denies the allegations in Paragraph 122 of the Complaint.

123. Paragraph 123 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 123.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 123, specifically that Plaintiff is entitled to any form of relief from Nationstar.

**COUNT VI: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT**

124. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

125. Paragraph 125 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 125.

126. Nationstar denies the allegations in Paragraph 126 of the Complaint.

127. Paragraph 127 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 127.

128. Paragraph 128 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 128.  Further, the statute speaks for itself.

129. Nationstar denies the allegations in Paragraph 129 of the Complaint.

130. Paragraph 130 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 130.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 130, specifically that Plaintiff is entitled to any form of relief from Nationstar.

## COUNT VII: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT

131. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

132. Paragraph 132 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 132.

133. Nationstar denies the allegations in Paragraph 133 of the Complaint.

134. Paragraph 134 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 134.

135. Paragraph 135 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 135.  Further, the statute speaks for itself.

136. Nationstar denies the allegations in Paragraph 136 of the Complaint.

137. Paragraph 137 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 137.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 137, specifically that Plaintiff is entitled to any form of relief from Nationstar.

## COUNT VIII: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT

138. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

139. Paragraph 139 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 139.

140. Nationstar denies the allegations in Paragraph 140 of the Complaint.

141. Paragraph 141 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 141.

142. Paragraph 142 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 142.  Further, the statute speaks for itself.

143. Nationstar denies the allegations in Paragraph 143 of the Complaint.

144. Paragraph 144 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 144.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 144, specifically that Plaintiff is entitled to any form of relief from Nationstar.

## COUNT IX: VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT (FCCPA), FLA. STAT. § 559 (Part VI) BY DEFENDANT

145. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

146. Paragraph 146 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 146.

147. Nationstar denies the allegations in Paragraph 147 of the Complaint.

148. Paragraph 148 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 148.

149. Paragraph 149 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 149.  Further, the statute speaks for itself.

150. Nationstar denies the allegations in Paragraph 150 of the Complaint.

151. Paragraph 151 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 151.  Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 151, specifically that Plaintiff is entitled to any form of relief from Nationstar.

**COUNTS X-LXVII: DEFENDANT'S VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(b)(1)(A) (TCPA), FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), AND FLA. STAT. § 559 (Part VI) BY DEFENDANT**

152. Nationstar realleges and reincorporates its answers to Paragraphs 1 through 86, as if fully set forth herein.

153. Nationstar denies the allegations in Paragraph 153 of the Complaint.

154. Nationstar denies the allegations in Paragraph 154 of the Complaint.

155. Nationstar denies the allegations in Paragraph 155 of the Complaint.

156. Paragraph 156 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 156.

157. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

158. Paragraph 158 states a legal conclusion not requiring a response.  To the extent a response is required, Nationstar denies the allegations in Paragraph 158.

159. Nationstar denies the allegations of Paragraph 159 of the Complaint.

160. Nationstar is without information sufficient to form a belief about the truth of this allegation.  Therefore, it is denied.

161. Nationstar denies the allegations of Paragraph 161 of the Complaint. Further, Nationstar denies the allegations contained in the *ad damnum* clause following Paragraph 161, specifically that Plaintiff is entitled to any form of relief from Nationstar.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. ***Failure to State a Claim***. Plaintiff fails to state facts sufficient to constitute a claim upon which relief could be granted under the FDCPA, FCCPA, and TCPA.

2. ***Bona Fide Error***. To the extent any violation of the FCCPA took place, which Nationstar expressly denies, said violation was unintentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

3. ***Estoppel***: Plaintiff is estopped from alleging any claims against Nationstar due to Plaintiff's own conduct, including, among other things, initiating the communication with Nationstar that gives rise to the alleged violations of the FDCPA, FCCPA, and TCPA.

4. ***Comparative Fault/Contributory Negligence***. Assuming Nationstar is at some fault, any such claims or damages resulted from, and were proximately caused by, the acts and/or omissions of persons or entities other than Nationstar.

5. ***Fault of Others***. Even assuming Plaintiff could assert a claim against Nationstar, any such claim would result from, and be proximately caused by, the acts and/or omissions of persons or entities other than Nationstar.

6. ***No Vicarious or Imputed Liability***. Nationstar is not liable for any alleged acts of misconduct that Nationstar attributes to any other party or person.

7. ***No Punitive Damages***. Plaintiff cannot recover punitive damages because: (1) Plaintiff's claims are not viable as a matter of law; (2) Plaintiff is precluded from pleading punitive damages prior to obtaining leave of Court under Fla. Stat. § 768.72; and (3) Plaintiff cannot show the level of willfulness and knowledge required to recover such damages.

8. ***Constitutional Limitation on Punitive Damage Claims***. Plaintiff's claims for punitive damages are limited and restricted by the Constitution of the United States, the Due Process Clause of the Fourteenth Amendment to said Constitution, and the limitations and criteria pronounced in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). Plaintiff's punitive damage claims are further limited and restricted by the Florida Constitution.

9. ***Bad Faith/Breach of Contract***. Plaintiff acted in bad faith by, among other things, breaching the terms of their credit agreement by failing to make payments when due, and Plaintiff should not be permitted to assert statutory or common law claims on their behalf against Nationstar.

10. ***No Use of Autodial Device.*** Plaintiff's claims under the TCPA must be denied or be reduced because or to the extent that Nationstar did not initiate contact with Plaintiff through the use of prerecorded/artificial voice messages or an automated dialing device as such terms are defined under the TCPA.

11. ***Settlement Agreement and Release.*** Plaintiff is barred from recovering damages against Nationstar to the extent that he entered into a settlement agreement and release that covers and includes the claims he has asserted in this action against Nationstar. Plaintiff was to refrain from pursuing any other actions or lawsuits based upon violations of the FDCPA and FCCPA against certain Released Parties based on the entry of a recent settlement agreement and release of all such claims.

12. ***FCRA Preemption.*** To the extent Plaintiff bases any of his claim on damages to his credit or dispute of the debt at issue, any such claim is preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (**FCRA**).

13. ***Waiver and/or Release.***   Plaintiff is precluded from asserting these claims due to Plaintiff's waiver and/or release of the right to pursue these claims for, among other reasons, the reasons stated in Paragraph 9, above.

14. ***Investment Property.***   All FCCPA claims should be dismissed because the debt/mortgage at issue is not a consumer debt, and, as such, the FCCPA does not apply.   Florida Statute § 559.72 applies only to consumer debts, which the FCCPA defines, in part as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction which the money, property, insurance or services which are the subject of the transaction are ***primarily for personal, family, or household purposes.***

Fla. Stat.  559. 55(1). *Emphasis added.*  Therefore, Plaintiff fails to state a FCCPA claim.

15. Nationstar reserves the right to assert any additional affirmative defenses in response to the Complaint based upon information and knowledge obtained during future discovery or investigation.

**WHEREFORE**, having answered the Complaint and asserted its defenses and affirmative defenses, Nationstar respectfully requests the Court enter judgment in its favor and also respectfully request the Court to award Nationstar its costs and attorneys' fees incurred in defending this lawsuit.  Nationstar seeks recovery of its attorneys' fees pursuant to §§ 57.105 and 559.77, Florida Statutes and 15 U.S.C. § 1692k(a)(3).

**Dated: November 15, 2013**

Respectfully Submitted,

**AKERMAN LLP**

 */s/  Lindsay J. Dykstra*
**William P. Gray, Esq.**
Fla. Bar No.  0983993
Primary E-mail:  bill.gray@akerman.com
Secondary E-mail:  patricia.blouin@akerman.com
**Lindsay J. Dykstra, Esq.**
Fla. Bar No.  0071729
Primary E-mail:  lindsay.dykstra@akerman.com
Secondary E-mail:  marilyn.saez@akerman.com
Post Office Box 231
420 South Orange Avenue, Suite 1200

Orlando, FL  32802-0231
407-423-4000  phone
407-843-6610  fax
 - and –
**William P. Heller, Esq.**
Fla. Bar No.  0987263
Primary E-mail:  william.heller@akerman.com
Secondary E-mail:  lorraine.corsaro@akerman.com
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301
954-463-2700  phone
954-463-2224  fax
*Counsel for Nationstar*

<u>CERTIFICATE OF SERVICE</u>

   *I hereby certify* that on the 15th day of November, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF filing system which will send a notice of electronic filing to all registered case participants, including: **J. Marshall Gilmore, Esq.** (mgilmore@mgilmorelaw.com), 1035 Lee Road, Suite 100, Winter Park, FL 32789.

*/s/ Lindsay J. Dykstra*
Lindsay J. Dykstra, Esq.