UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESUS E. TACORONTE**
    Plaintiff

Case No. 6:13-cv-1401-Orl-36TBS

-v-

**NATIONSTAR MORTGAGE, LLC**
    Defendants
_____/

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS OR, IN THE ALTERNATIVE, FOR AN *IN CAMERA* INSPECTION OF DOCUMENTS**

Plaintiffs move for an order compelling Defendant Nationstar Mortgage to produce documents withheld on the grounds of privilege or in the alternative for an *in camera* inspection of particular documents. Plaintiffs also request that the defendant be ordered to provide a privilege log for documents withheld on the grounds of privilege. Plaintiffs request that Nationstar Mortgage be ordered to produce for in camera inspection by close of business on April 14, 2011, all withheld documents related to Plaintiff requested discovery.

I. BACKGROUND

1. On February 8th, 2014 Plaintiff submitted Request For Production one thru ten to Defendant Nationstar Mortgage.   See Exhibit A) On or about March 17, 2014 Plaintiff received the Defendants answer and objections to the Plaintiffs discovery requests. ( See Exhibit B)

2. On several occasions Plaintiff inquired via email and telephone calls with the Defendant's council as to whether or not their client planned on producing the documents requested.   The Defendant still refuses to provide certain of the documentation requested in the Request for Production.

3. Defendant has asserted attorney-client privilege on Responses 1 through 5 without providing Plaintiff with any information supporting why such attorney –client privilege

1

would apply to the documents requested or attorney client privilege logs for these requests 1-5.

4. Defendant has asserted that responses to Request 1-5 and 9 call for documents that consists of trade secrets or proprietary confidential materials without giveng any information as to how the documents requested constitute a trade secret or proprietary information.

5. Plaintiff asserts that the documents requested in numbers 1 and 2 relate to records of calls made only to Plaintiff and do not therefore ask for proprietary information. Materials requested in 3,4 5 and 9, to the extent that they may call for proprietary information should be reviewed in camera by the court to determine whether or not this is true.

6. Requests numbers 7, 8 and 10 request production of the names of the manufacturer of the calling equipment, the names of the programmers of any equipment and the names of the actual callers who made the calls. Defendant has objected based on its position that these requests for production of names constitutes an "interrogatory in disguise" an further that it is no relevant. Plaintiff submits that such objections are not sufficient and the Defendant should be order to provide this discovery information.

II. Law.

7. Rule 37(a) allow a party to file for a Motion to Compel Disclosure of documents in discovery. This motion can be filed when the opposing p[arty fails to respond, *Wynmoor Cmty, Council, Inc. v. QBE Ins. Corp.* 280 F.R.D. 681, 685(S.D. Fla 2012).

8. A Motion to Compel also may be based on a parties objections to request for productions and the Party wants more detailed responses. *Moreno Rivera v. DHL Global Forwarding*, 272 F.R.D. 50 ( D. Puerto Rico 2011)

9. A movant in a motion to compel may be awarded his attorney fees for bringing the motion. *Josendis v. Wall to Wall Residence Repairs, Inc*. 662 F. 3rd 1292, 1313-4(11th Cir. 2011)

III. Argument on Attorney-client privilege

In order to receive the protection of attorney-client privilege, a communication must, *inter alia*, be made for the purpose of securing primarily either (i) an opinion on law, (ii) legal services, or (iii) assistance in some legal proceeding. The privilege does not extend to the provision of business or other non-legal advice simply because a lawyer happens to be involved. Communications with a lawyer that relate primarily to non-legal purposes, for example, business, technical or corporate public relations purposes are not privileged.

The party asserting a privilege has the burden of establishing the privilege. *Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.*, 242 F.R.D. 1 ( D.D.C. 2007)   The Federal Rules of Civil Procedure require that a party's claim of privilege shall be made expressly and "supported by a description of the nature of documents . . . that is sufficient to enable the demanding party to contest the claim." *Tequila,* supra.  Here, the Defendant has not even tried to establish the privilege and furthermore the Defendant has refused to provide a protective order as volunteered by Nationstar in order to provide those documents for Plaintiffs review.

IV. REQUESTED RELEIF

The Plaintiff requests that Nationstar be ordered to provide immediately copies of the information requested by the Plaintiffs Request for Production.

The Plaintiff requests that Nationstar be ordered to immediately provide log for the remaining documents that it has withheld under claim of privilege.

In the alternative, the plaintiffs request that Nationstar provide these documents to the Court for *in camera* review on the issue of privilege.  In this case, where the volume of documents currently contested is not large and the defendant has not carried its burden of establishing privilege, *in camera* review to determine whether the documents are in fact privileged is

appropriate. (documents which are claimed to be privileged should normally be produced for inspection by the judge in camera.")

Plaintiff requests the court to order the Defendant to pay Plaintiff's attorney fees and cost for bringing this Motion.

                                              Dated this _22___ day of April, 2014

                                              Respectfully Submitted,

                                              __*J. Marshall Gilmore*_____

                                              J. Marshall Gilmore, Esq.
                                              FB# 840180
                                              Counsel for Plaintiff
                                              1936 Lee Road, Suite 100
                                              Winter Park, FL  32789
                                              Phone 407 937-8675/(321) 591-9922
                                              Fax     407 599-3801
                                              mgilmore@mgilmorelaw.com

## RULE 3.01(G) CERTIFICATE

I certify that prior to filing the above, that I conferred with counsel for the Defendant to attempt to resolve the issues presented by this pleading but after good faith attempts to resolve these issues, the parties were unable to do so. Defendants continue to impose their position on this pleading and do not agree to or stipulate to Plaintiffs Motion.

Dated April 22, 2014

                                              ___*S/ J. Marshall Gilmore*_____
                                              Attorney for Plaintiff

## CERTIFICATE OF SEVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically emailed to all parties on the service list this __22__ day of April, 2014 and via U.S. mail to the parties listed below.

William P. ("Bill") Gray, III, Esq.
Lindsay Dykstra, Esq.
AKERMAN SENTERFITT
Post Office Box 231
420 South Orange Avenue
Suite 1200
Orlando, Florida 32801

__*S/ J. Marshall Gilmore*_____
J. Marshall Gilmore, Esq.