UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESUS TACORONTE

Plaintiff

Case No. 6:13-cv-01401-CEH-TBS

-v-

NATIONSTAR MORTGAGE, LLC

Defendant

_____/

# PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT NATIONSTAR MORTGAGE, LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Jesus Tacoronte, hereby serves the following Request for Production to Defendant, NATIONSTAR MORTGAGE, LLC. You are required to produce those documents in your possession, custody, or control, which are responsive to this Request for Production by forwarding same within thirty (30) days of the date of service to J. Marshall Gilmore, Esq., attorney for Plaintiff at 1936 Lee Road, Suite 100, Winter Park, Fl 32789

You are further placed on notice that these requests are deemed continuing, requiring supplemental responses thereto in the event requested information changes or otherwise becomes known, if not currently known after proper inquiry, or otherwise becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful, become known to you.

Exhibit A

1

# INSTRUCTIONS

In answering these requests, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following requests in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular request.

Although one or more of the following requests may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information for which you cannot vouch. Further, these requests contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each request pertains to the time period beginning January 2002, through the present date. Thus, your responses should be fully answered as they pertain to information, recordings or information within that time frame. Further, each request should identify the appropriate time frame, if your response requires same.

DEFINITIONS

1. "You" includes NATIONSTAR MORTGAGE, LLC, the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You"

includes any of your sister companies or related entities and their connected companies, whether or not separately incorporated.

2. "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original or reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

(a) the nature of the document (e.g., letter, memorandum, contract, etc.);

(b) the author or sender of the document;

(c) the recipient of the document;

(d) the date the document was authored, sent, and/or received; and

(e) the reason such document is allegedly privileged

3. "Audit Trail" means complete, detailed listings of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you." The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

4. "Data" means the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written, or otherwise recorded.

5. "Data field" means any single or group of character(s), number(s), symbol(s), or other identifiable mark(s) maintained in a permanent or temporary recording which represent, in any way, an item or collection of information. "Data field" includes all types of data whether maintained in integer, real, character, or Boolean format.

6. "Database" or "databank" means any grouping or collection of data field(s) maintained, in any format or order, in any permanent or temporary recorded form.

7. "Computer" means any and all programmable electronic devices or apparatuses, including hardware, software, and other databanks, that can store, retrieve, access, update, combine, rearrange, print, read, process, or otherwise alter data whether such data maintained in that device or at some other location. The term "computer" includes any and all magnetic recording or systems, systems operating on or maintaining data in digital, analog, or hybrid format, or other mechanical devices, or other devices capable of maintaining writings or recording, of any kind, in condensed format, and includes any disk, tape, recording, or other informational source, regardless of its physical dimension or size.

8. "Identify" means that you should state:

(a) any and all names, legal, trade or assumed;

(b) all addresses used;

(c) all telephone and telefax numbers used; and, if applicable:

(d) brand, make, manufacturer's name, address, phone number and the manufacturer's relationship to any and all Defendants in the above captioned action; and

(e) employer's name, address, phone number and the employer's relationship to any and all Defendants in the above captioned action.

9. "Explain" means to elucidate, make plain or understandable, to give the reason for or cause of, and to show the logical development or relationships thereof.

10. "Describe" means to represent or give an account of in words.

11. "Plaintiff' refers to Jesus Tacoronte.

12. "Other Defendant[s]" mean any Defendants(s) in the above entitled and captioned action except you, jointly or separately.

13. "Program" means the following: (1) a plan for solving a problem; (2) to devise a plan for solving a problem; (3) a computer routine (i.e., a set of instructions arranged in proper sequence to cause a computer to perform a particular process); (4) to write a computer routine.

14. "Header record" means a machine readable record at the beginning of a file containing data identifying the file and data used in file control.

15. "Investigative reports" means actions taken by the Defendant to investigate the allegations contained within the Plaintiffs complaint.

16. "Identifiers" means, any document, account number, social security number, name, nick name, credit report that makes any reference to the Plaintiffs, name, address or address's, social security number, date of birth, fist name, last name, or place of employment.

17. "Account" means, the amount of money the Plaintiff allegedly owes the Defendant.

18. "Reporting", means any information shared by the Defendant to any third parties including debt collectors, investors, or credit reporting agencies.

19. "Programmer" means, the person or company that programs and maintains the phone system used by Defendant.

20. "Phone System" means, the form of communication used the by the Defendant when making phone calls.

22. The term "auto dialer" shall mean an electronic device that has the capacity to or can automatically dial telephone numbers to communicate between any two points in the telephone, mobile phone and pager networks, and any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists.

## DOCUMENTS REQUESTED

REQUEST NO. 1: All documents evidencing telephone messages, log books, Bates records or your other regularly maintained records which contain information about communications between Nationstar and Plaintiff from 2012 to present in regards to telephone number 972-894-1051.

RESPONSE:

REQUEST NO. 2: All phone records of all calls placed by Nationstar or any subcontractor for Nationstar to Plaintiff from January 1, 2011 thru December 31, 2013 with regards to telephone number 407-401-2663.

RESPONSE:

REQUEST NO. 3: All policy manuals, procedure manuals, or other documents which address your policies, practices, or procedures in the investigation or reinvestigation of violations of the TCPA and the FDCPA.

RESPONSE:

REQUEST NO. 4: All policy manuals, procedure manuals, or other documents, which address your policies, practices, or procedures when collecting past due accounts.

RESPONSE:

REQUEST NO. 5: All documents, manuals, and materials, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Telephone Communications Protection Act, Fair Debt Collection Practices Act, and/or The National Do Not Call List.

RESPONSE:

REQUEST NO. 6: All archived recordings of all phone calls made to Plaintiff's phone numbers 407-401-2663 and 407-427-6204 by Defendant or any subcontractor to Defendant from January 1, 2011 to the present date.

RESPONSE:

REQUEST NO. 7: The name of the manufacturer of the phone system for phone numbers used by the Defendant to place calls to the Plaintiff.

RESPONSE:

REQUEST NO. 8: The name of any programmer of the phone system for phone number used by the Defendant to place calls to the defendant.

RESPONSE:

REQUEST NO. 9: All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Telephone Communications Protection Act.

RESPONSE:

REQUEST NO. 10: The name and address for each person who placed the telephone calls to Plaintiffs telephone numbers 407-401-2663 and 407-427-6204 from January 1, 2011 to present.

RESPONSE:

Dated this __10__ day of February, 2014

Respectfully Submitted,

_S/ J. Marshall Gilmore_
J. Marshall Gilmore, Esq.
FB# 840180
Counsel for Plaintiff
1936 Lee Road, Suite 100
Winter Park, FL 32789
Phone 407 629-7322
Fax 407 599-3801
mgilmore@mgilmorelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically mailed to all parties on the service list this 10th day of February, 2014 via email, fax and via U.S. mail to the parties listed below.

William P. ("Bill") Gray, III
**AKERMAN SENTERFITT**
Post Office Box 231
420 South Orange Avenue
Suite 1200
Orlando, Florida 32801

                                Respectfully Submitted,

                                *s/ J. Marshall Gilmore*
                                J. Marshall Gilmore, Esq.

**CERTIFICATE OF SEVICE**