UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESUS E. TACORONTE,
    Plaintiff

v.                                                        Case No. 6:13-cv-01401-CEH-TBS

NATIONSTAR MORTGAGE, LLC,
    Defendant.
_____/

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, Nationstar Mortgage, LLC (**Nationstar**), by and through undersigned counsel and pursuant to Rule 34 of the Federal Rules of Civil Procedure, herewith responds to Plaintiff, Jesus E. Tacoronte's Request for Production, and states as follows:

## GENERAL OBJECTIONS

1. Nationstar submits these responses without conceding the relevance or materiality of the subject matter of any document or information which may be produced or identified, and without prejudice to Nationstar's rights to object to further discovery or to object to the admissibility of any proof on the subject matter of any discovery of any document. Nationstar reserves the right to change or to supplement any response that may subsequently appear to be incomplete or incorrect. Nationstar reserves the right to object at such later time that any document produced or response given hereunder is protected by the attorney client privilege, or as attorney's work product or trial preparation material, and that the production or response was inadvertent.

2. Nationstar will make any documents identified in response to any Request available for inspection and copying at a time mutually convenient to the parties and their respective counsel. By agreeing to produce responsive documents, Nationstar does not acknowledge that any particular documents exist.

Exhibit B

REQUEST NO. 1: All documents evidencing telephone messages, log books, Bates records or your other regularly maintained records which contain information about communications between Nationstar and Plaintiff from 2012 to present in regards to telephone number 972-894-1051.

**RESPONSE**: **Nationstar objects to this Request to the extent it calls for information protected by the attorney-client or work product privileges, and to the extent that it calls for confidential, proprietary, or trade secret protected documents. Subject to and without waiving these objections, Nationstar will produce certain non-objected to documents responsive to this Request at a mutually agreeable place and time.**

REQUEST NO. 2: All phone records of all calls placed by Nationstar or any subcontractor for Nationstar to Plaintiff from January 1, 2011 thru December 31, 2013 with regards to telephone number 407-401-2663.

**RESPONSE**: **Nationstar objects to this Request to the extent it calls for information protected by the attorney-client or work product privileges, and to the extent that it calls for confidential, proprietary, or trade secret protected documents. Subject to and without waiving these objections, Nationstar will produce certain non-objected to documents responsive to this Request at a mutually agreeable place and time.**

REQUEST NO. 3: All policy manuals, procedure manuals, or other documents which address your policies, practices, or procedures in the investigation or reinvestigation of violations of the TCPA and the FDCPA.

**RESPONSE**: **Nationstar objects to this Request as it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence and that it calls for information and documents protected by the attorney-client or work product privileges, and because it calls for confidential, proprietary, and trade secret protected documents.**

REQUEST NO. 4: All policy manuals, procedure manuals, or other documents, which address your policies, practices, or procedures when collecting past due accounts.

**RESPONSE**: **Nationstar objects to this Request as it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence and that it calls for information and documents protected by the attorney-client or work product privileges, and because it calls for confidential, proprietary, and trade secret protected documents.**

REQUEST NO. 5: All documents, manuals, and materials, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the Telephone Communications Protection Act, Fair Debt Collection Practices Act, and/or The National Do Not Call List.

**RESPONSE**: **Nationstar objects to this Request as it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence and that it calls for information and documents protected by the attorney-client or work product privileges, and because it calls for confidential, proprietary, and trade secret protected documents.**

REQUEST NO. 6: All archived recordings of all phone calls made to Plaintiff's phone numbers 407-401-2663 and 407-427-6204 by Defendant or any subcontractor to Defendant from January 1, 2011 to the present date.

**RESPONSE**: **To the extent that any such recordings exist, they will be made available at a mutually convenient place and time.**

REQUEST NO. 7: The name of the manufacturer of the phone system for phone numbers used by the Defendant to place calls to the Plaintiff.
**RESPONSE**: Nationstar objects to this Request as it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this is not a proper request for production, and is rather an interrogatory in disguise that must be propounded as such.

REQUEST NO. 8: The name of any programmer of the phone system for phone number used by the Defendant to place calls to the defendant.
**RESPONSE**: Nationstar objects to this Request as it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Further, this is not a proper request for production, and is rather an interrogatory in disguise that must be propounded as such.

REQUEST NO. 9: All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Telephone Communications Protection Act.
**RESPONSE**: Nationstar objects to this Request as it is not relevant nor reasonably calculated to lead to the discovery of admissible evidence and that it calls for information protected by the attorney-client or work product privileges, and because it calls for confidential, proprietary, and trade secret protected documents.

REQUEST NO. 10: The name and address for each person who placed the telephone calls to Plaintiffs telephone numbers 407-401-2663 and 407-427-6204 from January 1, 2011 to present.
**RESPONSE**: Nationstar objects to this Request as it is not a proper request for production, and is rather an interrogatory in disguise that must be propounded as such. Further, this Request is vague and ambiguous in that it does not specifically identify the telephone calls at issue.

**Dated: March 17, 2014**

Respectfully Submitted,

**AKERMAN LLP**

*/s/ Lindsay J. Dykstra*
**William P. Gray, Esq.**
Fla. Bar No. 0983993
Primary E-mail: bill.gray@akerman.com
Secondary E-mail: patricia.blouin@akerman.com
**Lindsay J. Dykstra, Esq.**
Fla. Bar No. 0071729
Primary E-mail: lindsay.dykstra@akerman.com
Secondary E-mail: marilyn.saez@akerman.com
Post Office Box 231
420 South Orange Avenue, Suite 1200
Orlando, FL 32802-0231
407-423-4000 phone
407-843-6610 fax

     – and –
**William P. Heller, Esq.**
Fla. Bar No. 0987263
Primary E-mail: william.heller@akerman.com
Secondary E-mail: lorraine.corsaro@akerman.com
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Ft. Lauderdale, FL 33301
954-463-2700 phone
954-463-2224 fax
*Counsel for Nationstar*

## CERTIFICATE OF SERVICE

*I hereby certify* that on the **17th day of March, 2014**, a copy of the foregoing was served via e-mail and U.S. Mail to: **J. Marshall Gilmore, Esq.** (mgilmore@mgilmorelaw.com), 1936 Lee Road, Suite 100, Winter Park, FL 32789.

*/s/ Lindsay J. Dykstra*
Lindsay J. Dykstra, Esq.